UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUMBEE LIMITED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-7805** |
| **MAGNUS NAVIGATION INC., ET AL.** | **SECTION "B"(1)** |

## ORDER & REASONS

Considering defendant Magnus Navigation, Inc.'s motion to lift stay, to order return of security, and to dismiss case with prejudice (Rec. Doc. 16),

**IT IS ORDERED** that the motion is **GRANTED**. In the exercise of reasonable discretionary authority, the stay is hereby lifted and Jumbee Limited shall return the security (Letter of Undertaking) posted in this matter. Rec. Docs. 14-15; *Cf. Alpacific S.A. v. Diageo Latin Am. & Caribbean, Inc.*, No. 10-23822-CIV, 2014 WL 11820254 (S.D. Fla. June 9, 2014) and cases cited therein; and *American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 715 (5th Cir.2002)(Dennis, J. concurring) (noting that retention of jurisdiction pending arbitration contemplates that an action is likely to remain dormant for an appreciable period of time). Administrative closure is a procedural device used "to remove from [a court's] pending cases suits which are temporarily active elsewhere (**such as proceeding before an arbitration panel as here**) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active."

1

*Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 166 (5th Cir.2004). Moreover, we discern no want of prosecution by movants in asserting this motion after the long process of securing a favorable arbitration decision in May 2021, and seeking thereafter an amicable return of the subject Letter of Undertaking. Notably, plaintiff failed to post security for the arbitration proceeding that it requested and subsequently failed to clearly respond to its own counsel's communication and this motion. Rec. Doc. 16-3 ("Final Award Dismissing Claim of Jumbee Limited"). Under the foregoing circumstance, there is no prejudice found in the record from granting this motion. *In re Heritage Sw. Med. Grp., P.A.*, 423 B.R. 809, 813–14 (Bankr. N.D. Tex. 2010), *aff'd sub nom*. *Aetna Life Ins. Co. v. Kollmeyer*, 448 B.R. 749 (N.D. Tex. 2011), *aff'd sub nom*. *In re Heritage Sw. Med. Grp. PA*, 464 F. App'x 285 (5th Cir. 2012); and

**IT IS FURTHER ORDERED** that all claims in the above-captioned matter are hereby **DISMISSED WITH PREJUDICE**, with each party to bear its own court costs, except for those costs assigned in the final arbitration award issued in London arbitration. *See* Rec. Doc. 16-3.

New Orleans, Louisiana this 7th day of December, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE